UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE PILLSBURY COMPANY,

Plaintiff,

- vs -

UPPER CRUST PRODUCTION COMPANY, INC., and
UPPER CRUST USA INC.,

Defendants.

98-CV-6114 (CJS)(JWF)

US. DISTRICT COURT
W.D.N.Y. ROCHESTER
04 OCT 16  PM 12: 59
FILED

## PLAINTIFF'S SUBMISSION OF MATERIALS FOR THE JANUARY 8-9, 2003 HEARING ON LIABILITY

In accordance with the Scheduling Order of October 11, 2002, Plaintiff The Pillsbury

Company submits the hearing materials listed below.  Copies of these materials will be provided

to Defendants at the pre-hearing conference on December 19, 2002.

A.     Exhibit and Witness List:  Plaintiff submits herewith an Exhibit and Witness List

using the form supplied by the Clerk's Office identifying exhibits and witnesses that Pillsbury

may use in its direct case.

B.     Exhibit Book:  Plaintiff submits herewith a binder with copies of Plaintiff's

Exhibits 1 through 36 separated with numbered tabs, each marked with a pink exhibit sticker.

C.     Chart, Demonstrative Evidence and Physical Evidence:  If plaintiff decides to use

any charts or other demonstrative evidence at the hearing, plaintiff will make such materials

available for inspection in accordance with the Scheduling Order.

D.     Expert Testimony:  Plaintiff will call Jonathan W. DeVries Ph.D. as an expert

witness and submits herewith a copy his expert report summarizing the ultimate opinions he will

render.  Dr. DeVries will opine that independent testing commissioned by Pillsbury shows that

the shortening component of the product samples tested consisted of materially less than 50%

butter.  Dr. DeVries will also comment on testing offered by Upper Crust and will offer rebuttal

opinions as appropriate.

     E.     <u>Deposition Testimony and Discovery Material</u>:  Plaintiff submits itemized lists of

the deposition testimony of the following individuals, along with highlighted transcripts, for use

in its direct case:  Victor Litinetsky, Patrick Proctor, Larissa Korkina, Darryl Sullivan, John

MacDonald, and Jerry Piekarski.

     F.     <u>Damages</u>:  Because the January hearing is on the issue of liability only, plaintiff

will not submit an itemized statement of damages at this time.

     G.     <u>Legal and Evidentiary Issues</u>:  Plaintiff submits the following motions at this

time:  (1)  Motion for Sanctions Based on Discovery Misconduct; (2) Motion In Limine to

Exclude Evidence Not Produced During the Discovery Period; and (3) Motion In Limine to

Exclude Testimony and Testing.

     Plaintiff expressly reserves the right to supplement its Exhibit and Witness List and its

deposition designations for purposes of rebuttal.  Plaintiff also expressly reserves the right to

supplement on completeness grounds any evidence offered by Defendant.

R652002.1

Dated:  December 18, 2002

NIXON PEABODY LLP

*Michael Orman*

Richard D. Rochford, Jr.
Michael F. Orman
Kristen Mollnow Walsh
Clinton Square, P.O. Box 31051
Rochester, New York  14603
Telephone:  (585) 263-1000
Facsimile:  (585) 263-1600

Attorneys for Plaintiff
The Pillsbury Company

R652002.1

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of December 2002, I caused to be served a true

and correct copy of the foregoing PLAINTIFF'S SUBMISSION OF MATERIALS FOR THE

JANUARY 8-9, 2003 HEARING ON LIABILITY by hand delivery upon:

Sherri L. Eisenpress, Esq.
Reiss, Eisenpress & Eisenberg
425 Madison Avenue
New York, NY 10017

Attorneys for Defendants Upper Crust Production
Company, Inc. and Upper Crust USA Inc.

By: _____
Kristen M. Walsh