**MANDATE**

wdny/Rony
98-cv-6114
Feldman

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 1st day of June two thousand and five.

PRESENT:

> ROGER J. MINER,
> ROSEMARY S. POOLER,
> _Circuit Judges,_
> FREDERIC BLOCK,
> _District Judge._*

---

UPPER CRUST PRODUCTION COMPANY, INC. and
UPPER CRUST USA INC.,

                _Defendants-Appellants,_

     -v-                         (No. 04-2858)

PILLSBURY COMPANY,

                _Plaintiff-Appellee,_

PRIME PASTRIES USA, INC.,

                _Defendant._

A TRUE COPY
Roseann B. MacKechnie, CLERK
DEPUTY CLERK

---

Appearing for Defendants-Appellants:    Andrew G. Celli, Jr. (Eric Hecker, on the brief), Emery Celli Brinckerhoff & Abady LLP, New York, NY

Appearing for Plaintiff-Appellee:    Richard D. Rochford, Jr., Nixon Peabody LLP, Rochester, NY

Appeal from the United States District Court for the Western District of New York

---

* The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

ISSUED AS MANDATE: 6/23/05

(Jonathan W. Feldman, U.S.M.J.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendants-appellants, Upper Crust Production Company, Inc. and Upper Crust U.S.A., Inc., appeal from the District Court's decision and order entered on January 6, 2004, holding them in contempt of court for violating a consent decree and permanent injunction entered on January 21, 1999. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review a district court's factual findings for clear error and its finding of contempt for abuse of discretion, but our review is more exacting than the usual abuse of discretion standard. See Perez v. Danbury Hosp., 347 F.3d 419, 423 (2d Cir. 2003). A district court's credibility finding is entitled to especially great deference. See Seitzman v. Sun Life Assurance Co. of Canada, Inc., 311 F.3d 477, 484 (2d Cir. 2002). A district court's evaluation of expert testimony is also entitled to deference and reviewed for abuse of discretion. See Gen. Elec. Co. v. Joiner, 522 U.S. 136, 143 (1997).

Appellants argue that the District Court abused its discretion in finding appellee to have satisfied its burden to prove noncompliance with the injunction by "clear and convincing" evidence. Perez, 347 F.3d at 423.

On review of the record, we find that the District Court's findings of fact are amply supported, and can find no clear error in its findings that (1) the C4 to C24 fatty acid gas chromatography profiling and extrapolation from C4 content was a reliable method of determining butter content and produced results accurate to within the margin of error specified in the consent decree, (2) the consistency of the test results in showing a butter content below 40% indicated that the results could not be explained by experimental error, and (3) the C14 and C6 results confirmed the accuracy of the extrapolation and excluded the possibility that the C8, C10, and C12 figures were indicative of the presence of unaccounted-for butter. The District Court did not improperly shift the burden of proof merely by noting that appellants presented no credible evidence to rebut the inference of these facts.

In light of its factual findings, the District Court did not abuse its discretion in holding that appellee met its burden to prove by clear and convincing evidence that appellants committed contempt by failing to comply with the injunction's requirement that they not misrepresent the butter content of their croissants. These facts support a strong inference that appellants' croissants were manufactured with a shortening consisting of below 50% butter.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
ROSEANN B. MACKECHNIE, Clerk

_Lucille Carr_
BY:                                    DATE:

2